CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 30 2006

JOHN F. CORCORAN, CLERK
BY: /s/ Saylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DEAN HUBBARD, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06CV00679 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| BARRY L. KANODE, WARDEN, et al., | ) | By Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

The plaintiff, Christopher Dean Hubbard, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that Hubbard has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

Background

Hubbard is presently incarcerated at Greensville Correctional Center. He was previously incarcerated at Patrick Henry Correctional Unit #28. Hubbard alleges that while housed at Patrick Henry, he was exposed to the smell of human waste for twenty-six days, before being transferred to another institution. During the twenty-six day period, Hubbard was moved to a different cell and prison employees poured chemicals down the drains, in an attempt to remedy the problem. However, the employees' efforts were unsuccessful. Hubbard contends that the smell caused nose bleeds and nose sores.

Attachments to Hubbard's complaint indicate that on February 14, 2006, Hubbard filed an informal complaint regarding the smell. Hubbard indicated that the smell of human waste was permeating throughout his housing unit, even though a correctional officer had "left the door open

---

* Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

and put a bag over the drain." Hubbard was advised that the matter was being looked into by the administration.

Discussion

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. Id. Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." Id. (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." Strickland, 989 F.2d at 1379.

Applying these principles to Hubbard's allegations, the court concludes that he has failed to state a claim under the Eighth Amendment. The court does not doubt that Hubbard's exposure to the smell of human waste was unpleasant and unappetizing. However, even assuming that Hubbard experienced nose bleeds and sores as a result of the smell, as he alleges, such impairments do not rise to the level of a serious or significant physical injury. See Hunnewell v. Warden, Me. State Prison, 1994 U.S. App. LEXIS 3173, 9-10 (1st Cir. 1994) (holding that the plaintiff failed to allege a deprivation "sufficiently extreme to establish a cognizable Eighth Amendment claim," where the

2

plaintiff alleged that the ventilation system was causing him to have headaches and bloody noses). Additionally, Hubbard has failed to allege facts sufficient to establish that the warden or other prison officials acted with deliberate indifference to his complaints. During the twenty-six day period, Hubbard was advised that the administration was investigating the matter and he was moved to a different cell. Moreover, prison employees attempted to remedy the problem by pouring chemicals down the drains.

## Conclusion

For the reasons stated, the court concludes that Hubbard has failed to state a claim upon which relief may be granted. Thus, the court will dismiss his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Hubbard.

**ENTER**: This 29th day of November, 2006.

_____
United States District Judge